UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SOUTH ORANGE CHIROPRACTIC CENTER, LLC** individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>**ORIGINAL MW, INC., d/b/a CAPITAL BANKCARD**<br><br>       Defendant. | Case No.: 1:15-cv-13069-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS**

South Orange Chiropractic Center, LLC ("South Orange") filed a purported class action complaint (the "Complaint") against "Original MW, Inc., d/b/a Capital Bankcard" ("Defendant").  The Complaint contains two counts: Count I alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and Count II requests "injunctive relief."  Both claims are defective and, in accordance with Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, this Court should dismiss South Orange's claims against Defendant.

First, South Orange lacks standing to bring suit as it did not receive the fax and the fax was not sent to South Orange.  Second, the named Defendant did not send the fax, as the fax itself makes clear it was sent by "Merchant Services."  Third, the Complaint fails to plead a connection between the named defendant Original MW, Inc. and the fax.  Fourth, South Orange's claim is moot based on Defendant's Rule 68 offer of judgment and settlement offer, which provided South Orange with more than complete relief.  Finally, Count II should be

1

dismissed because "injunctive relief" is a remedy, not a standalone cause of action. Moreover, to the extent the motion to dismiss does not otherwise result in dismissal of this case, the Court should strike the class action allegations as it is obvious from the Complaint commonality, typicality, and predominance are lacking, thus this case cannot move forward on a class-wide basis.

## ALLEGATIONS OF THE COMPLAINT

South Orange alleges that "Capital Bankcard sent a fax advertisement to South Orange." (Compl. ¶ 11). Only one single fax is alleged. (*Id.*) South Orange alleges that it is not an existing customer of Capital Bankcard and did not consent to receive the fax. (Compl. ¶¶ 19, 20). Without more, South Orange seeks to hold Original MW, Inc. responsible while alleging that "*Capital Bankcard* sent and continues to send this form Junk Fax to medical offices throughout the United States." (Compl. ¶ 22) (emphasis added).

However, the fax, on its face, is not from "Original MW" or from "Capital Bankcard." Rather, it is from third party "Merchant Services," not named in this lawsuit and specifically, an account manager by the name of "Ray Lee" at that company. (Compl. Ex. 1, p. 1). The fax header on each page of the fax clearly denotes that the fax is "From: Merchant Service" as well as the top line of the first page of the fax stating in large bold font "**Merchant Services**," with a telephone number and fax number directly below, neither of which are alleged to be connected to "Original MW" or "Capital Bankcard." Further, the fax itself indicates that the fax is being sent pursuant to a telephone call that preceded the sending of the fax. *Id.*

## PROCEDURAL HISTORY

South Orange filed its Complaint on August 3, 2015. On December 18, 2015, Defendant served upon South Orange an Offer of Judgment pursuant to Fed. R. Civ. P. 68 as well as a

Settlement Offer.  *See* Exs. 1 and 2 to Declaration of Christine M. Reilly in Support of Motion to Dismiss ("Reilly Decl."), attached as Ex. A.  Defendant offered 1) to have judgment entered against it, 2) to stipulate to the injunctive relief requested by South Orange in its prayer for relief, 3) to pay more than the maximum statutory damages available under the TCPA (which is $1,500) for the one fax sent, 4) to pay for any costs which are recoverable in this case, and 5) to preserve evidence, as requested in the Complaint.  Defendant offered South Orange a total of $7,500, plus costs, which was delivered in the form of a bank check with the offer.  *See* Reilly Decl. Ex. 2 (stating "payment is being tendered with this offer").

That is, Defendant provided a bank check to South Orange that was ***five times the maximum statutory remedy for the one single fax at issue***.  This generous offer is far more than the maximum statutory damages South Orange could ever hope to recover if it withstood the time and expense of litigating this matter.  Despite this bonanza of an offer, South Orange rejected it and stated its intention of moving forward with the litigation, thereby necessitating the time of this Court.  Reilly Decl. ¶ 4.

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT

A complaint must be dismissed where the plaintiff cannot allege any set of facts to support his plausible entitlement to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A plaintiff's entitlement to relief "requires more than labels and conclusions;" his "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.

To state a claim that is sufficiently plausible to survive a motion to dismiss, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "This threshold requires that the factual allegations support the 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) *cert. denied*, 135 S. Ct. 1915, 191 L. Ed. 2d 762 (2015) *reh'g denied*, 135 S. Ct. 2854, 192 L. Ed. 2d 889 (2015) (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)).  As set forth herein, Plaintiff's Complaint has failed to meet this threshold requirement and should be dismissed.

A. **South Orange Lacks Standing**

To begin, South Orange lacks standing to bring this suit.  While the Complaint alleges that "Capital Bankcard" "sent a fax advertisement" (Compl. ¶¶ 11-12), it is devoid of any allegations that South Orange received the fax.  Nor does it allege any connection between the fax and its receipt of the fax.  In fact, the facsimile is directed to a "Dr. Levine."  Accordingly, the Complaint must be dismissed for lack of standing.  *See W. Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp.*, No. CIV.A. 10-00356-C, 2013 WL 988621, at *5 (Mass. Super. Mar. 5, 2013) ("receipt of the fax" is required to impose liability);  *cf. Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 54 (1st Cir. 2015) ("Bais Yaakov has standing as a fax recipient to seek statutory damages.")

B. **The Fax Itself Makes Clear That Defendant Did Not Send the Fax**

Dismissal of the Complaint is warranted because it is plain that the fax attached to the Complaint was not sent by Defendant.  The First Circuit has ruled that "[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 229 n. 1 (1st

Cir. 2013) (quoting *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000)).  In such cases, the "allegation is not entitled to the presumption of truth." *Young*, 717 F.3d at 229.

South Orange's sole factual allegation is that "Capital Bankcard sent a fax advertisement to South Orange[.]" (Compl. ¶ 11).  However, the fax plainly shows that it was sent by a third party called "Merchant Services."  The header of the fax states "From: Merchant Services" and "**Merchant Services**" appears prominently in bold at the top middle of the cover page.  (*See* Compl. Ex. 1).  "Merchant Services" is not an entity named in this lawsuit.  Moreover, the Complaint alleges no connection between Defendant and Merchant Services, let alone any factual allegations tying the fax to Defendant.  It does not even allege any connection between Defendant and the telephone and fax numbers listed on the fax cover page.  Since the face of the fax contradicts the allegation that Defendant sent it, and the Complaint is completely devoid of any allegations tying the actual sender Merchant Services to Defendant, the Complaint should be dismissed.

      **C.**      **There is No Connection Between the Named Defendant and the Fax**

Aside from the fact that Defendant is indisputably not the sender of the fax, Original MW is not a proper party.  Original MW, Inc. does not do business as "Capital Bankcard."  Original MW, Inc. therefore cannot be liable based on South Orange's allegation that Capital Bankcard "sent" the fax.  (Compl. ¶ 11).

A motion to dismiss under Rule 12(b)(6) is appropriate to challenge a complaint that attempts to sue the wrong party.  *See, e.g.*, *Duy Tho Hy v. Gillen*, 588 F. Supp. 2d 122, 124 (D. Mass. 2008) (granting motion to dismiss where improper party named); *Resendes v. Brown*, No. CA 06-286ML, 2006 WL 3488738, at *10 (D.R.I. Nov. 30, 2006) (granting motion to dismiss

where improper parties named).

Here, South Orange baldly alleges that "Original MW, Inc. is a Massachusetts corporation that does business as Capital Bankcard . . . ." (Compl. ¶ 3). However, Original MW, Inc. does not do business as "Capital Bankcard," as demonstrated by the Massachusetts Secretary of Commonwealth corporate summary and Original MW, Inc.'s annual report. *See* Reilly Decl. Exs. 3, 4.[1] Beside the erroneous assertion that Original MW, Inc. "does business as Capital Bankcard," the Complaint does not include any factual allegations tying the fax to Original MW, Inc. This is precisely the type of conclusory pleading forbidden by *Twombly*. Accordingly, the Complaint should be dismissed.

### D. South Orange's Claims Are Moot Because Defendant's Rule 68 Offer of Judgment and Settlement Offer Provided More Than Complete Relief

If a case is moot, it should be dismissed in accordance with Rule 12(b)(1) because "[m]ootness is a jurisdictional defect, rooted in Article III case or controversy considerations." *Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004). The jurisdiction of the federal judiciary is constitutionally limited to "cases" and "controversies." U.S. Const. Art. III § 2. Courts have interpreted this limitation to "demand that litigants demonstrate a 'personal stake' in the suit." *Camreta v. Greene*, 563 U.S. 692, 131 S. Ct. 2020, 2028 (2011). To meet the case-or-controversy requirement "it is not enough that a dispute was very much alive when suit was filed;" instead "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotation omitted).

---

[1] Defendant respectfully requests that the Court take judicial notice of these official public records. S*ee OrbusNeich Med. Co., BVI v. Boston Sci. Corp.*, 694 F. Supp. 2d 106, 111 (D. Mass. 2010) (public filing of a document with a regulatory agency makes it a proper subject of judicial notice). *See also Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993) (in considering a motion to dismiss, courts may consider documents whose authenticity is not disputed, official public records, documents central to a plaintiff's claim, and documents referred to in the complaint).

When this "personal stake" ceases to exist, "the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013).

As the First Circuit has recognized, "[w]hen a case is moot—that is, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome—a case or controversy ceases to exist, and dismissal of the action is compulsory." *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001). This principle applies with equal force to a putative class action, as even if the "case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved . . . . *Only when a class is certified does the class acquire a legal status independent of the interest asserted by the named plaintiffs . . . .*" *Id.* (emphasis added) (internal citations omitted). The critical inquiry in assessing "whether an unaccepted Rule 68 offer triggers mootness" is whether the plaintiff "has 'received complete relief,' such that there remains no individual case or controversy sufficient to satisfy Article III." *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 51 (1st Cir. 2015).

While the First Circuit has not yet addressed whether an unaccepted Rule 68 offer providing complete relief moots a plaintiff's claims, other courts to consider the issue have ruled that it does. *See, e.g.*, *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012), *as amended* (Feb. 1, 2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot."); *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 575 (6th Cir. 2009) (when a plaintiff refuses an offer of judgment that would satisfy its entire demand, the court should "enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment"); *Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1380 (Fed. Cir. 2008) (after the plaintiff "offered the entire amount

7

of attorney fees in dispute, the case became moot.  The district court had no case or controversy to continue to consider"); *cf. Tanasi v. New Alliance Bank*, 786 F.3d 195, 199–200 (2d Cir. 2015)*,* (court lacks subject matter jurisdiction upon unaccepted Rule 68 offer once judgment is entered in the amount of the offer).

Here, there can be little doubt that Defendant's Rule 68 offer and separately, its settlement offer, provided "complete relief."  In its Complaint, South Orange sought statutory damages under the TCPA for a single unsolicited fax.  (Compl. ¶¶ 36, 41).  Under the TCPA, the maximum Plaintiff could recover is $1,500.  *See* 42 U.S.C. § 227(b)(3).  In response to Plaintiff's request for statutory damages for the single fax allegedly sent, Defendant tendered a bank check to Plaintiff for $7,500.   The offer made was ***$6,000 more than the statutory maximum*** Plaintiff could ever hope to recover, or stated differently, ***five times the maximum statutory damages***.

Plaintiff also requested that Defendant be enjoined from sending unsolicited faxes that violate the TCPA.  (Compl. ¶ 44).  Defendant agreed to be enjoined from such conduct.  Reilly Decl. Ex. 1.  Further, Defendant agreed to the entry of judgment against it and to preserve evidence, Reilly Decl. Exs. 1 and 2, as requested in the Complaint.  *See* Compl. "Prayer for Relief.".  And, *even though not requested in the Complaint*, Defendant offered to pay any costs that are recoverable in this case.  Reilly Decl. Ex. 1.  Simply put, the offer here was more than complete and even more than Plaintiff requested.

Finally, Defendant's offer "remain[s] open during the pendency of this litigation until a final judgment is entered . . . ."  Reilly Decl. Exs. 1, 2.  *Cf. Bais Yaakov*, 798 F.3d at 54 (offer being withdrawn counsels against finding of mootness).  As South Orange has been offered full and complete relief, it no longer has any personal stake in this matter and its claims are now

moot.[2]  Consequently, the Court should enter judgment in accordance with Defendant's Rule 68 Offer of Judgment and/or settlement offer and dismiss this matter pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### E. Count II For Injunctive Relief Must Be Dismissed

Count II of the Complaint asserts a stand-alone claim for injunctive relief.  However, it is well-accepted that "injunctive relief is not a stand-alone cause of action under Massachusetts or federal law."  *Payton v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-11540-DJC, 2013 WL 782601, at *6 (D. Mass. Feb. 28, 2013).  Indeed, "[a]n injunction is not a cause of action, but a remedy." *Koufos v. U.S. Bank, N.A.*, 939 F. Supp. 2d 40, 46 (D. Mass. 2013), *amended in part* (July 1, 2013); *see also Diamond Phoenix Corp. v. Small*, No. 05–79–P–H, 2005 WL 1530264, at *4 (D. Me. June 28, 2005) (recognizing that "[i]njunctive relief is just that, relief; it is not a separate cause of action"); *Unitrode Corp. v. Linear Tech. Corp.*, No. 98–5983, 2000 WL 281688, at *5 (Mass. Super. Ct. Feb. 17, 2000) (dismissing a stand-alone count for injunctive relief as it "states a claim for a remedy, not a cause of action").  Since "injunctive relief" is not a recognized cause of action, Count II should be dismissed.

## II. PLAINTIFF'S CLASS ACTION ALLEGATIONS SHOULD BE STRICKEN BECAUSE THIS CASE IS INAPPROPRIATE FOR CLASS RESOLUTION

In the event this case is not dismissed in its entirety, the class allegations should be stricken from the Complaint.  South Orange seeks to represent a class of "all persons or entities

---

[2] Not only are South Orange's individual claims moot but so too are its putative class allegations. As the Supreme Court has held, a plaintiff whose individual claim has been mooted through a Rule 68 Offer of Judgment "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve [his] suit from mootness." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1531 (2013). *See also Cruz*, 252 F.3d at 533 (where "case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved").

9

within the United States to whom Capital Bankcard sent Junk Faxes promoting Capital Bankcard's goods and services at any time within four years prior to the filing of this Complaint[.]"  (Compl. ¶ 28).

As South Orange cannot satisfy Rule 23(a)'s commonality and typicality requirements, and cannot satisfy Rule 23(b)(3)'s predominance requirement, its class action allegations (Compl. ¶¶ 23-35) should be stricken from the Complaint in accordance with Rule 12(f).  Federal Rule of Civil Procedure 23(d)(1)(D), provides:

> In conducting an action under this rule [Rule 23 of the Federal Rules of Civil Procedure], the court may issue orders that: . . . (4) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly . . .

Fed. R. Civ. P. 23(d)(1)(D) (emphasis added).

A motion to strike class allegations under Rule 23(d)(1)(D) at the pleadings stage is consistent with Rule 23(c)(1)(A), which requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).  In exercising their discretion to adjudicate certification issues pursuant to Rule 23, courts often strike class allegations prior to any discovery.  *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945, 949 (6th Cir. 2011) (affirming the striking of class allegations prior to discovery and observing that "nothing in the rules says that the court must await a motion [for class certification] by the plaintiffs" before addressing the viability of class claims); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009) (court may properly consider preemptive motion to strike class allegations); *John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (affirming dismissal of class allegations and noting that "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegations on

the pleadings").

### A. Commonality is Lacking Because Defendant's Consent Defense Requires Individualized Inquiries Into Each Putative Class Member's Unique Circumstances

The action is not amenable to class certification because the putative class members' individual cases lack commonality, in that Defendant has an affirmative defense of consent with respect to each alleged "junk fax." *See Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000) ("the law is settled that affirmative defenses should be considered in making class certification decisions") (citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (same)).

Commonality requires not only that there are "questions of law or fact common to the class" but also that the "common contention … must be of such a nature that it is capable of classwide resolution—which means that determination of the truth or falsity will resolve an issue that is central to the validity of each one of the claims in *one stroke*." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-51 (2011) (emphasis added). Where consent is at issue in a TCPA junk fax case, courts have rejected certification because consent vitiates, among other requirements, commonality. *See Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2008 WL 5479111, at *8 (S.D. Fla. Dec. 11, 2008) (denying certification because consent issues showed lack of commonality and predominance); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169–70 (S.D. Ind. 1997) (ruling that consent issue made class certification in TCPA junk fax case inappropriate due to lack of commonality, typicality, and predominance); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E. D. Pa. 1995) (denying class certification in TCPA junk fax case as question of consent showed lack of commonality, typicality, and predominance).

Here, a critical question with respect to *each* putative class member is whether he or she

provided consent to receive the fax at issue. This consent defense is readily apparent from the fax itself, as the fax specifically states that it is being sent after a telephone call to "Dr. Levine." (*See* Compl. Ex. 1). Whether a fax recipient provided consent to receive the fax prior to receipt will turn on the individual circumstances of a third-party's (i.e., Merchant Services') telephone call with that particular fax recipient, including the agent that made the call, the content of that call, whether the call recipient consented to receive the fax, and whether the recipient provided their fax number. Adjudicating the issue of consent will not be a common exercise with respect to any two putative class members, therefore South Orange cannot meet Rule 23(a)'s commonality requirement.

**B.   Issues of Standing and Consent Demonstrate That South Orange is not Typical of the Class**

"Rule 23(a)(3) requires that the claims and defenses of the class representatives be 'typical' of the claims and defenses of the class." *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991). Importantly, "where a named plaintiff may be subject to unique defenses that would divert attention from the common claims of the class, that plaintiff cannot be considered typical of the class." *Id.*

In a TCPA junk fax case, typicality requires "that the injury suffered by plaintiff and the putative class members arises from the same course of conduct, **receipt of an unsolicited fax**[.]" *W. Concord*, 2013 WL 988621, at *5 (emphasis added). Moreover, a defense of consent by the putative class representative can destroy typicality. *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (whether putative class representative provided consent to faxes at issue destroyed typicality in TCPA case).

South Orange's claims lack typicality based on issues of standing and consent. As set forth above, South Orange does not allege it actually received the fax and receipt of the fax is

essential to standing. *See W. Concord*, 2013 WL 988621, at *5; *Bais Yaakov*, 798 F.3d at 54. Also, the fax itself suggests that "Dr. Levine" provided consent to receive the fax in the telephone call that preceded the fax. The individualized question of consent not only shows lack of commonality, but also demonstrates that South Orange's claims are not typical of the class it seeks to represent. Accordingly, South Orange's class allegations should be stricken.

### C. Individualized Inquiries of Consent Preclude a Finding of Predominance

The issue of consent will be a predominant issue under Rule 23(b)(2). Rule 23(b)(2)'s predominance criterion is "far more demanding" than Rule 23(a)'s commonality requirement. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). Where uncommon questions have particular significance to the resolution of an action, common questions do not predominate. *Id.* Here, because a jury will need to resolve issues of consent for each fax recipient, a class action will not be superior to other available methods for fairly and efficiently adjudicating the controversy.

The issue of consent in a TCPA case, *i.e.* "whether [the defendant's] fax advertisements were transmitted without the prior express invitation or permission of each recipient," is a "substantive issue [that] undoubtedly will determine how a trial on the merits will be conducted if the proposed class is certified." *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008). This predominant issue is one of "*individual* consent" that vitiates commonality. *Id.* (emphasis in original) (reversing class certification).

The case of *West Concord* is analogous. There, the court denied class certification in part because liability could not be determined on a class-wide basis. 2013 WL 988621, at *5. The court reasoned that "[i]n addition to receipt of the fax, proof of liability will require each plaintiff to establish that the exceptions to the prohibition do not apply, e.g., the absence of a prior relationship with Interstate Mat and that the business does 'not voluntarily make its fax number

available for distribution.'  These are fact questions that will have to be resolved on an individual basis."  *Id.; see also Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (citing with approval District Court's denial of class certification where defendant contended faxes were sent with oral consent as "the difficulty of deciding who had provided oral consent made it infeasible to determine who is in the class"); *G.M. Sign, Inc. v. Brink's Mfg. Co.*, No. 09 C 5528, 2011 WL 248511, at *9 (N.D. Ill. Jan. 25, 2011) (denying class certification in TCPA junk fax case because question of consent demonstrated a lack of predominance); *Hicks*, 2008 WL 5479111, at *8 (rejecting proposed class because consent issues showed lack of commonality and predominance).

Many other courts have analyzed whether individualized questions of consent preclude class certification and are in accord.  *See Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 5604400, at *10 (S.D. Cal. Sept. 23, 2015) (finding "Plaintiff has failed to show that any theory of generalized proof overcomes the need for individualized determinations of if, and when, the putative class members gave prior express consent to receive the Welcome Message"); *Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2015 WL 1909765, at *12 (M.D. Fla. Apr. 27, 2015) (holding "[i]ndividualized inquiries into consent (including where, how, and when) will predominate.  Although affirmative defenses do not automatically preclude certification of a class, the consent issue in this case presents individual fact inquiries precluding class certification."); *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 578 (S.D. Cal. 2013) (finding predominant issue of consent precluded class certification).

Because the issue of consent is not common to each putative class member, and individualized issues of consent will predominate, the Court should strike the class allegations from the Complaint.

## **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that the Court dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6). Alternatively, and in the event that any part of this action remains, the Court should strike the class allegations under Rule 12(f).

January 8, 2016

Respectfully submitted,

ORIGINAL MW, INC.,

By its attorneys,

**Sally & Fitch LLP**

/s/ *Ryan M. Cunningham*
Peter E. Ball (BBO #546031)
Ryan M. Cunningham (BBO #661440)
One Beacon Street
Boston, MA 02108
Tel. (617) 542-5542
Fax. (617) 542-1542
peb@sally-fitch.com
rmc@sally-fitch.com

-   and  -

**Manatt, Phelps & Phillips, LLP**
Christine M. Reilly (*Pro hac vice*)
Matthew P. Kanny (*Pro hac vice*)
Diana L. Eisner (*Pro hac vice*)
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Tel. (310) 312-4000
Fax. (310) 312-4224
CReilly@manatt.com
mkanny@manatt.com
DEisner@manatt.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on January 8, 2016.

/s/ *Ryan M. Cunningham*