## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SOUTH ORANGE CHIROPRACTIC CENTER, LLC** individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**ORIGINAL MW, INC., d/b/a CAPITAL BANKCARD**<br><br>    Defendant. | Case No.: 1:15-cv-13069-PBS |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE CLASS ACTION ALLEGATIONS
### LEAVE TO FILE GRANTED ON FEBRUARY 8, 2016

This case is moot, according to First Circuit precedent and now an opinion by the U.S. Supreme Court. Defendant offered and *tendered* to plaintiff $7,500, ***five times the statutory maximum***, and agreed to all other relief requested by South Orange. Judgment should be entered in favor of South Orange and this case dismissed, as there is no longer a live controversy between the parties that necessitates the time and resources of this Court.

Notwithstanding that its claims are moot, South Orange lacks standing because it fails to allege receipt of the fax or a connection between itself and "Dr. Levine," the purported recipient of the fax. While South Orange argues that it is "self-evident" that it received the fax, it can point to no allegations in the complaint that connect the named plaintiff with the intended fax recipient "Dr. Levine." Receipt of a purportedly invasive fax is required under the TCPA; to argue otherwise is nonsensical.

Further, while South Orange goes to great lengths to argue that "Capital Bankcard" is the "sender" of the fax, even though the fax itself reflects that it is sent by an unnamed third party, it apparently concedes that it has failed to plead a connection between the named defendant, Original MW, Inc., and "Capital Bankcard."  Plaintiff does not address this argument in its opposition at all.

South Orange also fails to overcome well-established authority that injunctive relief is a remedy, not a cause of action, and therefore Count II must be dismissed.  Finally, it is plain from the Complaint that individualized issues of consent make this case inappropriate for class adjudication.  Judicial economy (and good sense) therefore dictate that South Orange's class claims should be stricken.

## ARGUMENT

## I.      THIS CASE IS MOOT AND THE COURT LACKS JURISDICTION

### A.      First Circuit Precedent Foreshadowed the Supreme Court's Ruling in *Gomez*

It is axiomatic that

> [w]hen a plaintiff files suit seeking redress for an alleged injury, and the defendant agrees to fully redress that injury, there is no longer a case or controversy for purposes of Article III.  After all, if the defendant is willing to remedy the plaintiff's injury without forcing him to litigate, the plaintiff cannot demonstrate an injury in need of redress by the court, and the defendant's interests are not adverse to the plaintiff.

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 679 (2016) (Roberts, Chief J., dissenting). Therefore, where the defendant is willing to fully remedy the plaintiff's injury, the plaintiff's "mere desire that there be federal litigation" is not enough to warrant continuing to litigate a matter.  *Id.* at 680 (Roberts, Chief J., dissenting).

In the Supreme Court's recent 6-3 decision in *Gomez*, the majority held that a mere offer for relief *alone* does not moot a plaintiff's case, but expressly left open the possibility that an

offer, coupled with payment to the named plaintiff, may moot a case and deprive the court of jurisdiction.  *Id.* at 672. ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount.").

Though the issue was reserved, Justice Ginsburg, writing for five of the Justices in the majority, suggested that the case indeed might have come out differently if Gomez had received payment.  Justice Ginsburg emphasized that Gomez "remained emptyhanded" as Campbell-Ewald's offer was "revocable"[1] and that "far from providing Gomez the relief sought in his complaint, [Campbell Ewald] gave him a nary a penny."  *Id.* at 671 n. 5.  Further, Justice Ginsburg distinguished other cases dismissed on mootness grounds because the plaintiffs in those cases, unlike Gomez, "had *received full redress* for the injuries asserted in their complaints."  *Id.* (emphasis added).  Clearly, the majority "appears to endorse the proposition that a plaintiff's claim *is* moot once he has 'received full redress' from the defendant for the injuries he has asserted.  *Id.* at 685 (Alito, J., dissenting).

The remaining four Justices on the High Court agree that actual payment to the named plaintiff can—and should—deprive the court of jurisdiction.  Indeed, Justice Thomas' concurrence rests on the fact that payment was not tendered, noting that with neither of Campbell-Ewald's two settlement offers "did the company make payment."  *Id.* at 676 (Thomas, J., concurring).  He concluded that "because Campbell-Ewald only offered to pay Gomez's claim but took no further steps, the court was not deprived of jurisdiction."  *Id.* at 676 (Thomas, J., concurring).   Likewise, dissenting Justices Roberts, Scalia, and Alito noted the "good news" that "this case is limited to its facts" and suggested an "easy answer" to the mootness issue, such as

---

[1] In contrast, both Defendant's Rule 68 offer and freestanding settlement offer remain open.

depositing a check with the trial court. *Id.* at 680 (Roberts, Chief J., dissenting). Thus, the

Justices appear to be aligned on the proper way of mooting a case and it is clear that *Gomez*

"does not prevent a defendant who actually pays complete relief—either directly to the plaintiff

or to a trusted intermediary—from seeking dismissal on mootness grounds." *Id.* at 684 (Alito, J.,

dissenting).

The idea that tender of payment to a named plaintiff may moot a case is not new. The

First Circuit in *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46 (1st Cir. 2015) *cert.*

*denied*, No. 15-659, 2016 WL 280914 (U.S. Jan. 25, 2016), suggested this very approach several

months ago. In *Bais Yaakov*, the First Circuit held that an unaccepted and withdrawn[2] Rule 68

offer did not moot the case because the plaintiff had "not 'received complete relief.'" *Id.* at 55.

In so ruling, the First Circuit acknowledged that merely offering relief could not "insulat[e] class

actions from pick-off attempts." *Id.* at 54. The First Circuit observed—in what now appears to

be a prelude to the *Gomez* decision—that "delivery of a bank check might get around the

infirmities in using a Rule 68 offer."[3] *Id.* Four Supreme Court Justices have stated—while five

others have suggested—exactly that in *Gomez*. The *Gomez* decision is therefore consistent with

prevailing authority in this Circuit.

The trigger for mootness initially contemplated by the First Circuit in *Yaakov* and now

---

[2] As noted earlier, both of Defendant's offers expressly remain open and have not been withdrawn.

[3] In fact, the First Circuit suggested that the only way to prevent mooting would be for the U.S. Supreme Court to rule that a request to represent the class is a claim for relief in itself that "precludes a finding of mootness." *Bais Yaakov,* 798 F.3d at 54. That is, of course, not what the Court ruled. *See Gomez*, 136 S. Ct. at 679 n. 1 (Roberts, Chief J., dissenting) ("The Court does not reach the question whether Gomez's claim for class relief prevents this case from becoming moot."). Several Justices specifically rejected this proposition. *Id.* ("Gomez does not have standing to seek relief based solely on the alleged injuries of others[.]").

the Supreme Court in *Gomez* is precisely what occurred in this case.  Defendant tendered a check

to plaintiff for $7,500, ***five times the maximum statutory damages***, with its Rule 68 Offer of

Judgment and Settlement Offer.  Defendant also agreed that a judgment could be entered against

it and in South Orange's favor.  (*See* Dkt. No. 17-1 at Exs. 1 and 2).[4]  Thus, Defendant offered

South Orange ***more than*** it would be entitled to if it prevailed.  South Orange simply "cannot

thwart mootness by refusing complete relief presented on a silver platter."  *Gomez*, 136 S. Ct. at

684 n. 1 (Alito, J., dissenting).  Because South Orange has "received complete relief," judgment

should be entered and this case dismissed.[5]  *Bais Yaakov*, 798 F.3d at 55.

### B.   Defendant's Offer was Indisputably "Complete"

South Orange next contends that because this is a putative class action, its relief is not

complete.  Specifically, South Orange contends that Defendant's generous offer for a solitary fax

was "incomplete" because "it failed to make any offer to any other class members."  (Dkt. No.

21, pp. 9, 11-12).  South Orange is wrong.  The First Circuit has held that even if a

> case is brought as a putative class action, it ordinarily must be
> dismissed as moot if no decision on class certification has occurred
> by the time that the individual claims of all named plaintiffs have
> been fully resolved . . . . **Only when a class is certified does the
> class acquire a legal status independent of the interest asserted
> by the named plaintiffs** . . . .

---

[4] An admission of liability is not required.  (*Cf.*, Dkt. No. 21, p. 9).  *See Gomez*, 136 S. Ct. at 680 (Roberts, Chief J., dissenting) ("[T]he case is moot—even if the plaintiff disagrees and refuses to settle the dispute, and even if the defendant continues to deny liability.").  *See also Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 96 (D. Mass. 2009) (valid Rule 68 offer disclaimed liability); *Stanczyk v. City of New York*, 752 F.3d 273, 276 (2d Cir. 2014) (Rule 68 offer which  disclaimed liability valid); *Roska v. Sneddon*, 366 F. App'x 930, 939 (10th Cir. 2010) (admission of liability not required for Rule 68 offer to be valid); *Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 972 (N.D. Ill. 2010); *Mite v. Falstaff Brewing Corp.*, 106 F.R.D. 434, 435 (N.D. Ill. 1985).

[5] As depositing funds with the Court requires this Court's permission, in the event Defendant's bank check is deemed insufficient and the depositing of funds in an account is required, Defendant respectfully requests the Court's permission, in accordance with Local Rule 67.2, to deposit $7,500 with the Court.  *See Gomez*, 136 S. Ct. at 680 (Roberts, Chief J., dissenting).

*Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) (emphasis added) (internal citations omitted); *see also Bais Yaakov*, 798 F.3d at 50-51 (citing *Cruz* and noting that Bais Yaakov was "preclud[ed] from arguing that its interest in having a class certified is enough to defeat a mootness argument").

The Supreme Court, in turn, has made clear that "absent a plaintiff with a live individual case…the suit cannot be maintained." *Gomez*, 136 S. Ct. 663, 670 (2016) (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013)).  This is because "a class lacks independent status until certified," and only "a would-be class representative *with a live claim*" is entitled to proceed towards class certification.  *Gomez*, 136 S. Ct. at 672 (emphasis added).[6] Conversely, a "would-be class representative" with a moot claim is not.  *Id.  See also id.* at 679 n. 1 (Roberts, Chief J., dissenting) ("Gomez does not have standing to seek relief based solely on the alleged injuries of others").  Accordingly, where a plaintiff in a putative class action has been offered and tendered complete relief, the entire action must be dismissed.

South Orange's argument that the relief offered is incomplete merely by virtue of its class allegations is fatally flawed, and therefore, South Orange has made no showing that Defendant's offer is "incomplete."  It has not because it cannot.  It is indisputable that offering *five times the statutory maximum* for a single isolated fax, along with the other requested relief, is *more than* full relief in this case.  It is indeed a very generous offer.  (*See* Dkt. No. 17-1 at Exs. 1 and 2).

Therefore, consistent with *Gomez* and prevailing authority in this Circuit, Defendant

---

[6] Given that South Orange has no live claim and cannot proceed to certification, it is not entitled to class discovery either.  (*Cf.* Dkt. No. 21, p. 12).  Moreover, South Orange's disingenuous claim that it needs discovery to discover how many faxes it received is not well taken.  The Complaint alleges **one** single fax and Defendant offered five times the statutory maximum for that **one** fax.  South Orange cannot ignore the plain allegations of its Complaint in order to avoid dismissal.

requests that the Court enter judgment in favor of South Orange and dismiss this case for lack of subject matter jurisdiction.  (*See* Dkt. No. 17-1 at Exs. 1 and 2).

## II.   SOUTH ORANGE LACKS STATUTORY STANDING

Mootness and jurisdictional issues aside, South Orange lacks statutory standing to bring this suit and has failed to demonstrate otherwise.  The allegation that "Capital Bankcard" "sent a fax advertisement" (Compl. ¶¶ 11-12) is insufficient to establish standing.  This is particularly so given that the fax is directed to a "Dr. Levine" and yet the Complaint alleges no connection between South Orange (the named plaintiff) and Dr. Levine (the purported recipient of the fax).

It is well-settled that one must be a recipient of the alleged fax in order to bring suit under the TCPA.  *See W. Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp.*, No. CIV.A. 10-00356-C, 2013 WL 988621, at *5 (Mass. Super. Mar. 5, 2013) ("receipt of the fax" is required to impose liability); *cf. Bais Yaakov*, 798 F.3d at 54 ("Bais Yaakov has standing as a fax recipient to seek statutory damages.").  To argue, as South Orange does, (Dkt. No. 21, p. 6), that standing can be based solely on whether the fax is "sent" is nonsensical because then any entity could have standing to bring suit, even when it did not receive the allegedly unlawful fax ***and therefore could not have been injured***.  The very cases South Orange relies upon support this bedrock notion.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (standing requires that the "plaintiff must have suffered an 'injury in fact'"); *Donahue v. City of Boston*, 304 F.3d 110, 115 (1st Cir. 2002) (standing requires a concrete injury); *Caulfield v. Human Res. Div. of Commonwealth of Massachusetts*, No. CV 15-10091-PBS, 2015 WL 5190716, at *2 (D. Mass. Sept. 4, 2015) (Saris, J.) (same).

South Orange's citation to the TCPA misses the mark.  (Dkt. No. 21, pp. 6-7).  Section (b) of the statute addresses liability, not standing to bring suit.  *See* 47 U.S.C. §227(b)(C).  Moreover, South Orange's attempt to chalk Defendant's argument up to a "technical pleading

argument" should be given short shrift.  Pleading and statutory standards exist for a reason and it

is a hallmark of our judicial system that a plaintiff must satisfy certain threshold requirements

before hauling defendants into federal court and requiring them to undergo the time and expense

of litigation.  Since South Orange fails to establish these threshold requirements, its claims

should be dismissed.

## III. SOUTH ORANGE FAILS TO ALLEGE THAT "CAPITAL BANKCARD" SENT THE FAX

Original MW is not a proper party.  As explained in Defendant's Motion to Dismiss,

Original MW, Inc. does not do business as "Capital Bankcard," contrary to the allegations in the

Complaint.  Compl. ¶ 3.  In support, Defendant submitted corporate documents properly subject

to judicial notice, which South Orange does not dispute.  (*See* Dkt. No. 17-1 at Exs. 3 and 4).

Thus, Original MW, Inc. cannot be held liable for allegations that "Capital Bankcard" "sent" the

fax.  (Compl. ¶ 11).  *See, e.g.*, *Duy Tho Hy v. Gillen*, 588 F. Supp. 2d 122, 124 (D. Mass. 2008);

*Resendes v. Brown*, No. CA 06-286ML, 2006 WL 3488738, at *10 (D.R.I. Nov. 30, 2006).

South Orange does not even address this argument in its opposition.  Simply put, there are no

allegations whatsoever connecting Original MW to the fax at issue.

Moreover, the allegations are insufficient to allege a connection or relationship between

"Merchant Services," which plainly sent the fax, and "Capital Bankcard."  In fact, "[a] defendant

may be liable under the TCPA's junk fax provisions only if it sends the fax itself or causes a

third party to send the fax on its behalf.  *To hold otherwise would permit a malicious actor to*

*foist liability (and not just a meritless lawsuit) on the victim of its choosing*."  *Urban Elevator*

*Serv., LLC v. Stryker Lubricant Distributors Inc.*, No. 15 CV 2128, 2015 WL 6736676, at *1 n. 2

(N.D. Ill. Nov. 4, 2015) (dismissing TCPA claims even though "complaint arguably asserts that

Sinopec USA directly sent the fax or caused the fax to be sent," because "the pleading contains

no factual content that raises the right to relief above the speculative level") (emphasis added).

*See also Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1257

(11th Cir. 2015) (liability requires that the fax be sent "on behalf of" the defendant); *Bridgeview*

*Health Care Ctr. v. Clark*, No. 09 C 5601, 2015 WL 1598115, at *5 (N.D. Ill. Apr. 8, 2015)

(same).  Here, other than the bald allegation that "Capital Bankcard" "sent" the fax at issue,

(Compl. ¶ 11), there is absolutely no connection alleged between the actual sender "Merchant

Services" and "Capital Bankcard."  This is plainly insufficient to plead a right of right of action

against "Capital Bankcard," let alone named party Original MW.

## IV.   COUNT II FOR INJUNCTIVE RELIEF MUST BE DISMISSED

It is well-settled that "injunctive relief is not a stand-alone cause of action under

Massachusetts or federal law."  *Payton v. Wells Fargo Bank, N.A.*, No. CIV.A. 12-11540-DJC,

2013 WL 782601, at *6 (D. Mass. Feb. 28, 2013).  *See also* Dkt. No. 17, pg. 9 (collecting cases).

Nothing argued by South Orange changes this established body of law.  In fact, South Orange

concedes that "a request for injunction is not typically treated as an independent cause of action."

(Dkt. No. 21, p. 7).  Despite this admission, South Orange argues that because the TCPA

authorizes injunctive **relief,** its standalone claim for injunctive relief should be permitted.  The

only case South Orange cites, *In re Rust-Oleum Restore Mktg., Sales Practices & Products Liab.*

*Litig.*, No. 15 C 1364, 2016 WL 74671 (N.D. Ill. Jan. 7, 2016),  is inapposite.  There, the claim

was not a standalone claim for injunctive relief, but a claim for "declaratory and injunctive

and/or equitable relief."  *Id.* at *6.  Declaratory relief is a recognized cause of action under the

Federal Declaratory Judgment Act, thus that count asserted a recognized, independent cause of

action, unlike here.  *Id.* at *6.  Count II must be dismissed.

## V.     THE CLASS ALLEGATIONS SHOULD BE STRICKEN

A motion to strike class allegations under Rule 23(d)(1)(D) at the pleadings stage is consistent with Rule 23(c)(1)(A), which requires that "[a]t an ***early practicable time*** after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added). Early disposition of this issue on the pleadings furthers the salutary goal of "freeing courts to utilize scarce judicial resources in more beneficial ways." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991). Where, as here, it is plain that the class allegations have no viability, the court should dismiss such allegations on the pleadings. *See* Mot. to Dismiss, p. 10 (collecting cases).

Here, and as set forth in detail in Defendant's opening brief, (Dkt. No. 17), individualized issues of consent preclude certification. Though South Orange attempts to distance itself from its allegations once again, it was South Orange that put the issue of consent directly at issue, including with respect to the class. *See, e.g.*, Compl. ¶¶ 20, 26, 27, 30, 44. Consent is, as South Orange must concede, a primary and threshold issue on class certification. South Orange argues that consent "can be rebutted using common proof" (Dkt. No. 21, p. 14) and cites a generic string of cases, but it fails to provide any explanation or rationale on how it could possibly do so where it is clear, from the face of the fax, that the primary issue of consent is rooted in telephone calls with individual class members that preceded each fax. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (citing with approval District Court's denial of class certification where defendant contended faxes were sent with oral consent as "the difficulty of deciding who had provided oral consent made it infeasible to determine who is in the class").

This case would require a mini-trial on the circumstances surrounding each particular fax for each individual class member, including the substance of the conversation between the agent

and fax recipient, the understandings reached during those calls, whether the recipient provided their fax number, and whether permission was provided to receive a fax.  Common proof of consent in this case is clearly not possible.  *See, e.g.*, *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) (question of individualized consent vitiates commonality); *G.M. Sign, Inc. v. Brink's Mfg. Co.*, No. 09 C 5528, 2011 WL 248511, at *9 (N.D. Ill. Jan. 25, 2011) (individualized issues of consent render action inappropriate for class adjudication); *W. Concord*, 2013 WL 988621, at *5 (same).

Nor does whether the fax contains a proper opt-out notice save South Orange's class action allegations.  Even issues with respect to the opt-out notice will require individualized inquiries on the issue of consent since the FCC is providing retroactive waivers on opt-out notices for solicited faxes.  Accordingly, it will need to be determined on a class member by class member basis whether the fax was "solicited" (i.e., whether there was consent to receive the fax).  *See Bondhus v. Henry Schein, Inc.*, No. 14-22982-CIV, 2015 WL 1968841, at *4 (S.D. Fla. Apr. 30, 2015) (noting that "issue of consent only materializes" where there is a possible retroactive waiver for allegedly defective opt-out notice).  Either way, South Orange cannot escape the primary issue of consent on class certification and such issue is bound to be an individualized—rather than a common—inquiry.

Accordingly, good sense and judicial economy warrant striking South Orange's class allegations, particularly here, where it is clear based on the pleadings that consent will not be uniformly applicable to all class members and therefore a class is incapable of being certified.

## <u>CONCLUSION</u>

For the reasons stated above and in its Motion to Dismiss, Defendant respectfully requests that the Court dismiss this action.


Dated:  February 8, 2016                          Respectfully submitted,

                                                  ORIGINAL MW, INC.,

                                                  By its attorneys,

                                                  **Manatt, Phelps & Phillips, LLP**


                                                  */s/ Christine M. Reilly*
                                                  Christine M. Reilly (*Pro hac vice*)
                                                  Matthew P. Kanny (*Pro hac vice*)
                                                  Diana L. Eisner (*Pro hac vice*)
                                                  11355 W. Olympic Blvd.
                                                  Los Angeles, CA 90064
                                                  Tel. (310) 312-4000
                                                  Fax. (310) 312-4224
                                                  CReilly@manatt.com
                                                  mkanny@manatt.com
                                                  DEisner@manatt.com

                                                        -   and  -

                                                  **Sally & Fitch LLP**

                                                  Peter E. Ball (BBO #546031)
                                                  Ryan M. Cunningham (BBO #661440)
                                                  One Beacon Street
                                                  Boston, MA 02108
                                                  Tel. (617) 542-5542
                                                  Fax. (617) 542-1542
                                                  peb@sally-fitch.com
                                                  rmc@sally-fitch.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on February 8, 2016.

/s/ *Ryan M. Cunningham*
Ryan M. Cunningham