## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————— )
                                       )
SOUTH ORANGE CHIROPRACTIC CENTER,      )
LLC, individually, and on behalf       )
of all others similarly situated,      )
                                       )
                     Plaintiff,        )
                                       )                Civil Action
          v.                           )                No. 15-13069-PBS
                                       )
CAYAN LLC d/b/a CAPITAL BANKCARD,      )
                                       )
                     Defendant.        )
———————————————————————— )

### MEMORANDUM AND ORDER

April 12, 2016

Saris, C.J.

### INTRODUCTION

This proposed class action is about an unsolicited fax
allegedly sent in violation of the Telephone Consumer Protection
Act ("TCPA"), 47 U.S.C. § 227. Plaintiff South Orange
Chiropractic Center, LLC ("South Orange"), received the fax from
Defendant Cayan LLC, doing business as Capital Bankcard
("Capital Bankcard"),[1] promoting various merchant services. Soon
afterwards, on August 3, 2015, South Orange filed a proposed

---

[1] Plaintiff initially filed suit against Original MW, Inc., which
Plaintiff alleged was doing business as Capital Bankcard. See
Docket No. 1. After hearing, both parties stipulated to
substituting Cayan LLC, doing business as Capital Bankcard, for
Original MW, Inc., as the proper defendant. See Docket No. 39.

class action with itself as class representative. Plaintiff
immediately filed a motion to certify a class defined to include
"all persons or entities within the United States to whom
Capital Bankcard sent Junk Faxes promoting Capital Bankcard's
goods or services at any time within four years prior to the
filing of this Complaint through the date of certification in
this action." Docket No. 1, ¶ 28. The complaint seeks injunctive
relief and statutory damages.

On December 18, 2015, Defendant served Plaintiff with an
offer of judgment pursuant to Federal Rule of Civil Procedure 68
and a stand-alone settlement offer. Defendant offered (1) to
have judgment entered against it; (2) to pay $7,500 to
Plaintiff, an amount in excess of the TCPA's statutory maximum
of $1,500 per unsolicited fax; (3) to pay for any costs
recoverable in the case; (4) to be enjoined from using any fax
machine, computer, or other device to send unsolicited fax
advertisements in violation of the TCPA to Plaintiff or any
other entity; and (5) to preserve evidence. Defendant tendered a
bank check in the amount of $7,500 with its offer and asserts
that its settlement offer remains open. Plaintiff has rejected
Defendant's offer of judgment and settlement offer, and has
refused to accept the check Defendant offered. On January 8,

2

2016, Defendant moved to dismiss and to strike class allegations.

Two days after the Supreme Court issued Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016), Plaintiff withdrew the motion for class certification, apparently viewing the precedent as a victory that obviated the need for a "placeholder" class action. Docket No. 20. Plaintiff contends it needs class certification discovery.

On February 4, 2016, Defendant requested that it be allowed to deposit the $7,500 with the Court in the event that the bank check that it tendered is deemed insufficient to provide the named plaintiff with complete relief. Docket No. 28 at 5 n.5.

Disagreeing that Campbell-Ewald provides a silver bullet to salvage the class action claims, Defendant now moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), and to strike class allegations pursuant to Rule 12(f), arguing that Plaintiff's individual claims are now moot and, therefore, Plaintiff can no longer serve as a class representative. While the Court agrees the individual claims are moot, the Court **DENIES** the motion to dismiss the class action. However, in light of the uncertainty in the caselaw, I request the parties confer on whether the issue of the justiciability of the class action is appropriate for interlocutory review under 28 U.S.C. § 1292(b).

3

<u>DISCUSSION</u>

I.    <u>The Genesis: Two Recent Supreme Court Cases</u>

This case raises the cutting-edge question: If a defendant tenders complete relief to a proposed class representative, does it moot her individual claims and preclude certification of the proposed class action under Rule 23? The analysis is framed in two recent Supreme Court cases. <u>See</u> <u>Campbell-Ewald Co. v. Gomez</u>, 136 S. Ct. 663 (2016); <u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S. Ct. 1523 (2013).

In <u>Genesis Healthcare</u>, the plaintiff filed a complaint on behalf of herself and similarly situated persons under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, claiming statutory damages for compensable work performed during unpaid meal breaks. 133 S. Ct. at 1527. Soon after, the defendants served an offer of judgment under Federal Rule of Civil Procedure 68 for the unpaid wages, reasonable attorneys' fees, costs, and expenses. <u>Id.</u> At the time, no other person had opted into the collective action. <u>Id.</u> The defendants then moved to dismiss for lack of subject matter jurisdiction. <u>Id.</u> The plaintiff responded that the defendants were "inappropriately attempting to 'pick off' the named plaintiff before the collective-action process could unfold." <u>Id.</u> at 1527.

4

The Supreme Court resolved the issue of "whether such a case is justiciable when the lone plaintiff's individual claim becomes moot." Id. at 1526. The Court "assume[d], without deciding, that [defendants'] Rule 68 offer mooted [plaintiff's] individual claim." Id. at 1529. Given that the individual claim was deemed moot, the Court held: "In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." Id. It added that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." Id.

Discussing the line of cases beginning with Sosna v. Iowa, 419 U.S. 393 (1975), the Court rejected the argument that the collective action remained justiciable because it raised "inherently transitory" issues that would evade review. Id. at 1530-31. The Court held: "In this case, respondent's complaint requested statutory damages. Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is served, judicially resolved, or barred by a statute of limitation." Id. at 1531. The Court also rejected the argument that the purpose of the collective-action provisions "would be frustrated by defendants' use of

Rule 68 to 'pick off' named plaintiffs before the collective-action process [had] run its course." Id.

In dissent, Justice Kagan, joined by three other members of the Court, emphasized that when a "plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief." Id. at 1533 (Kagan, J., dissenting). "An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." Id. She added: "To be sure, a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accessing total victory." Id. at 1536.

Of significance to this dispute, she also wrote that it was the plaintiff's "choice, and not the defendant's or the court's, whether satisfaction of her individual claim, without redress of her viable classwide allegations, is sufficient to bring the lawsuit to an end." Id. at 1536. And she noted that, even if the class representative's individual claim had become moot, her case would fit "comfortably" within the Sosna line of cases where the court "used relation-back principles to preserve the court's ability to adjudicate on the merits the classwide questions the representative raised." Id. at 1537 n.3.

Three years later in Campbell-Ewald, in a case (like this one) involving the TCPA, the Court reached the question that it reserved in Genesis Healthcare. 136 S. Ct. at 666. Adopting the reasoning of Justice Kagan's dissent in Genesis Healthcare, the Court held that "in accord with Rule 68 of the Federal Rules of Civil Procedure, an unaccepted settlement offer has no force." 136 S. Ct. at 666. "Under basic principles of contract law, [the defendant's] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." Id. at 670. "In short, with no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." Id. at 670-71. Because the unaccepted settlement offer did not moot the named plaintiff's individual claims, it also did not preclude class certification: "[A] would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." Id. at 672.

Campbell-Ewald is particularly relevant here for what it did not decide. The Court reserved the following issue: "We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff

7

in that amount." 136 S. Ct. at 672. And, as the Chief Justice noted in dissent, the Court did not reach the question of whether the purported class representative's claim for class relief prevents the case from becoming moot even if the plaintiff's individual claim is mooted. Id. at 679 n.1 (Roberts, C.J., dissenting).

The remaining four justices resolved the issue reserved by the majority, stating expressly that tendering a check or depositing one with the district court moots a plaintiff's individual claims. Id. at 675 (Thomas, J., concurring in judgment) (explaining that because the defendant did not make payment on either its Rule 68 offer or its freestanding offer of settlement, the court was not deprived of jurisdiction); Id. at 680 (Roberts, C.J., dissenting) (stating that the plaintiff received complete relief when the defendant made its offer, but if there was any "question whether [the defendant] is willing and able to pay, there is an easy answer: have the firm deposit a certified check with the trial court")[2]; Id. at 684 (Alito, J., dissenting) (noting that a case is moot when a defendant makes it "absolutely clear" that the plaintiff will be able to receive the offered relief, emphasizing the "most straightforward way" to do so "is simply to pay over the money").

---

[2] Justices Scalia and Alito joined the Chief Justice's dissent.

## II.   **The Present Fax**

So this Court must resolve two legal questions left unresolved by the Supreme Court's fractured decisions. First, are Plaintiff's individual claims moot? Second, if they are moot, does the class action complaint relate back to the original filing so that the class action remains justiciable?

### A. Question One: Are Plaintiff's Individual Claims Moot?

The parties do not dispute that Defendant has offered to fully provide all requested relief for Plaintiff's individual claims under the TCPA. The TCPA regulates the transmission of advertisements via fax. See 47 U.S.C. § 227. The TCPA provides a private right of action for injunctive and monetary relief. Id. § 227(b)(3). Specifically, the statute provides, a "person or entity may [bring] (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." Id. A district court may award treble damages if "the court finds that the defendant willfully or knowingly violated" subsection 227(b). Id.

Defendant has already fallen on its sword in unconditional surrender with respect to Plaintiff's individual claims. It has tendered a bank check to Plaintiff in the amount of $7,500,

which covers treble damages and costs, and it stipulated to the injunctive relief that Plaintiff requested. It has agreed to a protective order that directs the agent that sent the fax to preserve all information concerning the fax advertisements in question.[3] Defendant has also offered to deposit a $7,500 check with the Court and have judgment entered against it. In its proposed judgment, Defendant has offered to be "enjoined from using any telephone facsimile machine, computer or other device to send unsolicited fax advertisements in violation" of the TCPA. Docket No. 42. Defendant does not limit its proposed injunction to advertisements sent to Plaintiff. At hearing, Defendant's counsel confirmed that they were "agreeing to an injunction not just with respect to this plaintiff but with respect to the whole class, purported class." Hearing Transcript, Docket No. 37 at 14.

Having rejected the twin offers, Plaintiff disputes that tendering a check or depositing one with the Court can moot a plaintiff's individual claims. Plaintiff asserts that "[b]acking up an 'offer' with a check does not make it any more than [an] offer, which the Plaintiff has rejected, and which Campbell-

---

[3]At hearing, Defendant's counsel told the Court the fax was sent by an agent and was not authorized by the bank. Perhaps that is why the bank was so willing to agree to a broad injunction.

Ewald unequivocally holds does not moot a Plaintiff's standing as a possible Class Representative." Docket No. 21 at 9-10.

In the few decisions to be issued since Campbell-Ewald on this question, district courts are split. Compare Price v. Berman's Auto., Inc., No. 14-763-JMC, 2016 WL 1089417, at *3 (D. Md. Mar. 21, 2016) (stating that it will dismiss the plaintiff's claim as moot if the defendant "reissues an unconditional cashier's check equal to the [requested relief]"), and Leyse v. Lifetime Entm't Servs., LLC, No. 13 CIV. 5794 (AKH), 2016 WL 1253607, at *2 (S.D.N.Y. Mar. 17, 2016) ("[O]nce the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor."), with Bais Yaakov of Spring Valley v. Graduation Source, LLC, No. 14-cv-3232, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (concluding that a plaintiff's TCPA class claims remained live even after the defendant deposited a check with the court and assented to the requested injunctive relief because the plaintiff was entitled to "a fair opportunity to show that class certification is warranted"), and Brady v. Basic Research, LLC, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) ("[G]iven the Supreme Court's directive that a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," the court did not allow the

defendants to deposit a check with the court consistent with the defendants' offer of judgment).

While the Supreme Court did hold that a named plaintiff "with a live claim of her own" must be given the opportunity to make its case for class certification, Campbell-Ewald, 136 S. Ct. at 672, it did not determine the legal effect of providing a plaintiff with the full amount of statutory damages and the full scope of equitable relief. On this record, I conclude that this named plaintiff no longer has the requisite "live claim" because Defendant has offered to deposit a check with the court, to satisfy all of Plaintiff's individual claims (and more), and to have the district court enter judgment in Plaintiff's favor.

## B. Second Question: Does the Class Action Remain Justiciable?

The second question—whether the class action outlives the mooted individual claims—is the harder issue. Plaintiff argues that even if depositing a check with a district court moots a plaintiff's individual claims in some cases, Plaintiff's class claims are not moot here because Defendant's offer of statutory damages was to Plaintiff alone and not to the class that Plaintiff sought to certify. Plaintiff argues that even if its individual claims are moot, it retains a right to represent the class "because the class issue falls within the narrow class of cases capable of repetition yet evading review." See Docket No.

21 at 11. Defendant responds that, without a personal interest in the outcome, Plaintiff can no longer represent the class.

In Genesis Healthcare, the Supreme Court resolved this question against the plaintiff in an FLSA collective action which sought only statutory damages: "In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." 133 S. Ct. at 1529. Although arguably a collective action case should be treated differently from a class action, the First Circuit has held, in a class action case, that a putative class action "ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved." Cruz v. Farquharson, 252 F.3d 530, 533 (noting, however, the "narrow exception to this principle" discussed below).

The Supreme Court has enumerated instances in which a class action may continue even if the named plaintiff's individual claims are mooted. U.S. Parole Comm'n v. Geraghty, 445 U.S. 388 (1980); Sosna v. Iowa, 419 U.S. 393 (1975); Gerstein v. Pugh, 420 U.S. 103 (1975).

First, if individual claims become moot after a motion for class certification is ruled on—either allowed or denied—the

class claims are not automatically mooted. Geraghty, 445 U.S. at 404 (after class certification denied); Sosna, 419 U.S. at 399 (after class certification). In Sosna, "the Court held that a class action is not rendered moot when the named plaintiff's individual claim becomes moot after the class has been duly certified." Genesis Healthcare, 133 S. Ct. at 1530. "[W]hen a district court certifies a class, 'the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by [the named plaintiff],' with the result that a live controversy may continue to exist, even after the claim of the named plaintiff becomes moot." Id. (quoting Sosna, 429 U.S. at 399). In Geraghty, the Court "narrowly extended this principle to denials of class certification motions. Id. The Court held that where an action would have acquired the independent legal status described in Sosna but for the district court's erroneous denial of class certification, a corrected ruling on appeal 'relates back' to the time of the erroneous denial of the certification motion." Id. (quoting Geraghty, 445 U.S. at 394).

Second, class claims are not necessarily moot "where a named plaintiff's individual claim becomes moot before the district court has an opportunity to rule on the certification motion, and the issue would otherwise evade review." Genesis

14

Healthcare, 133 S. Ct. at 1530 (citing Sosna, 419 U.S. at 402
n.11). The "relation-back doctrine may apply in Rule 23 cases
where it is certain that other persons similarly situated will
continue to be subject to the challenged conduct and the claims
raised are so inherently transitory that the trial court will
not have even enough time to rule on a motion for class
certification before the proposed representative's individual
interest expires." Id. (quotation marks and internal citations
omitted).

The Court in Genesis Healthcare indicated that the
"inherently transitory" exception would not apply to any
defendant's attempt to pick off a named plaintiff's demands in
an FLSA collective action, noting that while "settlement may
have the collateral effect of foreclosing unjoined claimants
from having their rights vindicated in respondent's suit, such
putative plaintiffs remain free to vindicate their rights in
their own suits." 133 S. Ct. at 1531 (emphasis in original).
However, Justice Kagan's dissent indicates four justices might
preserve such a Rule 23 class action case under the rationale of
the Sosna line of cases. Id. at 1537 n.3 (Kagan, J.,
dissenting). Justice Kagan explained that in each of the
relation-back doctrine cases, the Court "confronted a situation
where a would-be class representative's individual claim became

moot before a court could make a final decision about the

propriety of class litigation; and in each, we used relation-

back principles to preserve the court's ability to adjudicate on

the merits the classwide questions the representative raised."

Id. Justice Kagan stated that the same treatment applied to the

plaintiff in Genesis Healthcare: "If, counter-factually, [the

plaintiff's] individual claim became moot when she failed to

accept [the defendant's] offer of judgment, her case would fit

comfortably alongside those precedents." Id. "Because the

District Court would not then have had 'enough time to rule on a

motion' for certification . . . , 'the relation back doctrine

[would be] properly invoked to preserve the merits of the case

for judicial resolution.'" Id. (quoting Cnty. of Riverside v.

McLaughlin, 500 U.S. 44, 51-52 (1991)) (internal quotation marks

omitted).

In Cruz, the First Circuit also suggested that a

defendant's decision to quickly satisfy the named plaintiff's

claims and moot the class action might trigger the "inherently

transitory" exception, but concluded, "[o]n the record as it

stands, the plaintiffs' case does not fit within this niche."

252 F.3d at 534-35. The court explained:

> One swallow does not a summer make, and we have no
> acceptable basis to conclude, without a more substantial
> factual predicate, that the INS has devised a scurrilous
> pattern and practice of thwarting judicial review [by

16

adjudicating lawful permanent resident applications]
quickly to ensure that no federal court ever will be in
a position either to resolve the underlying issues or to
rule on a class certification motion.

Id. at 535. Summer has arrived in this case as a flock of TCPA
cases has demonstrated a widespread whac-a-mole practice aimed
at picking off a named plaintiff before class certification.

In Bais Yaakov of Spring Valley v. ACT, Inc., 798 F.3d 46,
48 (1st Cir. 2015), also a TCPA case, the First Circuit
explained that Rule 23 "creates a procedural mechanism for one
person's cause of action to be brought by another . . . . The
principal intended beneficiaries of this procedural device are
persons who have suffered small but similar losses as a result
of wrongful conduct by the same defendant or defendants." The
court noted that defendants' "nifty stratagem . . . has become a
popular way to try to thwart class actions" and "is most readily
employed in precisely those cases where Congress has chosen to
empower citizens as private attorneys general to pursue claims
for well-defined statutory damages." Id. at 48-49.

Other circuits—including the Eleventh Circuit in a decision
issued after the Supreme Court's ruling in Genesis Healthcare—
have held that this "nifty stratagem" implicates the "inherently
transitory" exception in the Rule 23 context. See Stein v.
Buccaneers Ltd. P'ship, 772 F.3d 698, 707 (11th Cir. 2014) ("[A]
Rule 68 offer of full relief to the named plaintiff does not

17

moot a class action, even if the offer precedes a class-certification motion, so long as the named plaintiff has not failed to diligently pursue class certification."); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1090-91 (9th Cir. 2011) ("The end result is the same: a claim transitory by its very nature and one transitory by virtue of the defendant's litigation strategy share the reality that both claims would evade review."); Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1250 (10th Cir. 2011) (holding that a "federal court's Article III jurisdiction to hear the motion for class certification is not extinguished" by satisfaction of the named plaintiff's individual claims); Weiss v. Regal Collections, 385 F.3d 337, 347 (3d Cir. 2004), abrogated on other grounds by Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016) ("Although [the plaintiff's] claims here are not 'inherently transitory' as a result of being time sensitive, they are 'acutely susceptible to mootness,' in light of defendants' tactic of 'picking off' lead plaintiffs with a Rule 68 offer to avoid a class action.") (internal citation omitted).

In reaching the conclusion that the "inherently transitory" exception applies in class action cases, the Eleventh Circuit found that the Supreme Court's Genesis Healthcare holding to the contrary in an FLSA case did not control in class action cases.

18

Stein, 772 F.3d at 708. The court distinguished FLSA actions—
like the one in Genesis Healthcare—and class actions: "[A]s the
Supreme Court repeatedly emphasized in [Genesis Healthcare]
itself, FLSA actions and class actions are different. Rule 23
gives a class representative a markedly different stature from
an FLSA plaintiff." Id. at 709. "In an FLSA action, unlike in a
Rule 23 class action, a named plaintiff can represent others
only when they affirmatively opt-in to the case." Id. at 708.
Given these differences, "the Supreme Court might or might not
follow [Genesis Healthcare] in a class action." Id. at 709; see
also Fontenot v. McCraw, 777 F.3d 741, 750 (5th Cir. 2015)
(stating that "Genesis Healthcare does not foreclose the broader
[reading of the] relation back doctrine, but the Court's
explanation undermines, at least in money damages cases, [the]
analogy between the 'inherently transitory' exception to
mootness and the strategic 'picking off' of named plaintiffs'
claims"); Heard v. U.S. Soc. Sec. Admin., No. CV 15-230 (RBW),
2016 WL 1032777, at *7 (D.D.C. Mar. 15, 2016) ("Without clear
direction otherwise from the Supreme Court or this Circuit, the
Court declines to extend Genesis Healthcare's holding in the
FLSA context to this putative Rule 23 class action."). But see
Grice v. Colvin, No. GJH-14-1082, 2016 WL 1065806, at *6 (D. Md.
Mar. 14, 2016) ("Thus, the distinction drawn between Rule 23

class certification and conditional certification under the FLSA
in Genesis Healthcare is not one that leads this Court to the
view that the relation-back doctrine should save Plaintiffs'
claims in this case merely because they arise under Rule 23 and
not the FLSA.").

The Court concludes that Defendant's attempt to moot the
request for classwide statutory damages falls within the
"inherently transitory" exception discussed by the First Circuit
in Cruz because the class issues will likely evade review. As
the First Circuit stated in Bais Yaakov, "if substance is to
prevail over form, and consumer class actions are not to be
largely eviscerated, the Supreme Court will need to decide that
a plaintiff's request to proceed as a class representative
pressing the real claims of those to be represented is a claim
for relief that precludes a finding of mootness." 798 F.3d at
54. Unable to read the tea leaves of the multiple opinions of
the Supreme Court, I hold that even though Plaintiff's
individual claims have become moot, the class action may proceed
as a case or controversy under Article III. U.S. Const. art.
III, § 2. However, the Court requests that the parties consider
whether immediate appeal under 28 U.S.C. § 1292(b) is
appropriate before engaging in expensive class and merits
discovery.

### ORDER

The Court **DENIES** Defendant's Rule 12(b)(1) Motion to Dismiss (Docket No. 16) the class action and to strike the class action allegations.[4] The Clerk of Court shall accept the $7,500 check Defendant has requested be deposited.

The parties shall confer and inform the Court whether interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate within two weeks of the issuance of this order.

/s/ PATTI B. SARIS
_____

Patti B. Saris
Chief United States District Judge

---

[4] Having allowed the stipulated substitution of the defendant's name, the Court also **DENIES** Defendant's 12(b)(6) Motion to Dismiss (Docket No. 16). See Docket No. 44.

21