**SOUTH ORANGE CHIROPRACTIC CENTER, LLC** individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

**CAYAN LLC d/b/a CAPITAL BANKCARD,**

    Defendant.

CIVIL ACTION
NO. 15-13069-PBS

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND FOR STAY OF PROCEEDINGS**

In denying Defendant's motion to dismiss, this Court recognized that an interlocutory appeal might be appropriate to address the "cutting-edge question" concerning the justiciability of a class action when the plaintiff's individual claim is mooted by a tender of complete relief. (Dkt. No. 51, p. 4.) Appellate resolution of this issue may avoid expensive and needless further proceedings (e.g., class and merits discovery) that would ensue absent an appeal and a stay. (Dkt. No. 51, pp. 3, 20-21.) Defendant agrees that an interlocutory appeal would be appropriate, and accordingly moves for an order certifying this Court's April 12, 2016 Order for interlocutory appeal under 28 U.S.C. section 1292(b), to resolve the following question:

> Does the "inherently transitory" exception to mootness apply to a request for monetary damages for absent class members where the plaintiff's individual claim is moot and injunctive relief has been offered to the class?

1

This question falls squarely within the criteria for interlocutory appeal. This Court decided that Defendant's tender of "the full amount of statutory damages and the full scope of equitable relief" to Plaintiff mooted Plaintiff's claim under *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). (Dkt. No. 51, p. 12.) However, the Court also decided that the "inherently transitory" exception to mootness discussed in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) and *Cruz v. Farquharson*, 252 F.3d 530 (1st Cir. 2001) prevented dismissal of the putative class claims "because the class issues will likely evade review." (Dkt. No. 51, p. 20.)

As indicated in the Court's Order, interlocutory review is appropriate because the legal issue decided by this Court— whether the "inherently transitory" exception to mootness applies to a request for monetary damages for absent class members where the plaintiff's individual claim is moot and injunctive relief has been offered to the class—is a controlling, dispositive question of law. This Court also recognized that the question presented is a novel one for which there are substantial grounds for difference of opinion. As this Court phrased it, the Court was "[u]nable to read the tea leaves of the multiple opinions of the Supreme Court." (*See* Dkt. No. 51, p. 20.) Lastly, an immediate appeal in this matter may materially advance the ultimate termination of the litigation. Should the First Circuit disagree with this Court, this case may be rendered moot and judgment entered.

Given the controlling nature of the threshold legal issue in this case and others nationwide, the lack of binding precedent post-*Gomez*, and the substantial grounds for differing opinions, this Court should certify its Order for interlocutory appeal and stay proceedings in this case pending completion of appellate proceedings in the First Circuit. As this Court recognized, it makes no sense for the parties to engage in "expensive class and merits discovery" given the threshold jurisdictional issue that would be resolved by an interlocutory appeal. (*See* Dkt. No. 51,

p. 20.) Defendant has agreed to preserve evidence, so there is no prejudice to Plaintiff in staying this case to allow for an interlocutory appeal. (*See* Dkt. No. 51, p. 2.)

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this putative class action in August 2015, alleging that Defendant sent it one fax advertisement in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The complaint seeks statutory damages and injunctive relief.[1] In December 2015, Defendant served Plaintiff with an Offer of Judgment under Federal Rule of Civil Procedure 68, as well as a Settlement Offer. (*See* Dkt. No. 17-1 at Exs. 1 & 2.) Defendant offered:

(1) to have judgment entered against it,

(2) to stipulate to the injunctive relief Plaintiff requested in its prayer for relief,

(3) to pay for any costs which are recoverable in this case,

(4) to preserve evidence, as requested in the complaint, and

(5) to pay Plaintiff more than the $1,500 maximum statutory damages available under the TCPA for the one fax at issue. Specifically, Defendant offered Plaintiff a total of $7,500, plus costs, which was delivered in the form of a bank check with the offer. (*See* Dkt. No. 17-1 at Ex. 2 (stating "payment is being tendered with this offer").)

Despite the generous nature of this offer—i.e., payment of far more than the maximum statutory damages Plaintiff could ever hope to recover if it took the time and expense of litigating this matter—Plaintiff rejected it and stated its intention of moving forward with the litigation. (Dkt. No. 17-1, at ¶ 4.)

In January 2016, Defendant moved to dismiss Plaintiff's case for lack of subject matter jurisdiction based on Defendant's tender of complete relief. (Dkt. Nos. 16, 17.) Before Plaintiff

---

[1] Plaintiff filed a placeholder motion for class certification with the Complaint, s*ee* Dkt. No. 2, that it withdrew on January 22, 2016 (Dkt. No. 20).

responded to Defendant's motion to dismiss, the U.S. Supreme Court issued *Gomez*, 136 S. Ct. 663, holding that a tender of complete relief moots a plaintiff's individual claim and that a suit cannot be maintained absent a plaintiff with a live individual claim. In its reply brief, Defendant requested that it be allowed to deposit its $7,500 settlement payment with the Court if the $7,500 tender in the form of a bank check delivered to Plaintiff was deemed insufficient. (Dkt. No. 28, p. 5 n. 5.)

After hearing argument on Defendant's motion to dismiss in February 2016, the Court issued its order denying the motion on April 12, 2016. The Court acknowledged that Plaintiff "no longer has the requisite 'live claim' because Defendant has offered to deposit a check with the court, to satisfy all of Plaintiff's individuals claims (and more), and to have the district court enter judgment in Plaintiff's favor." (Dkt. No. 51, p. 12.) The Court reasoned, however, that even though Plaintiff's "individual claims have become moot, the class action may proceed as a case or controversy under Article III" because Plaintiff's "request for classwide statutory damages falls within the 'inherently transitory' exception discussed by the First Circuit in *Cruz* because the class issues will likely evade review." (Dkt. No. 51, p. 20.)

This Court recognized that certification of an interlocutory appeal and staying proceedings made sense "before engaging in expensive class and merits discovery." (Dkt. No. 51, p. 20.) Thus, the Court ordered the parties to meet and confer and report to the Court whether the parties agree that an interlocutory appeal is appropriate. (Dkt. No. 51, p. 21.) The parties met and conferred, but could not agree. Defendant believes an interlocutory appeal is appropriate, but Plaintiff does not. (Dkt. No. 53.) Consequently, Defendant moves the Court to certify the matter for interlocutory appeal.

# ARGUMENT

I. **THE COURT'S ORDER SATISFIES EACH REQUIREMENT FOR INTERLOCUTORY APPEAL**

This Court held that even though Defendant has tendered complete relief to Plaintiff, including class-wide injunctive relief, and Plaintiff no longer has a live claim, this putative class action may proceed because Plaintiff's request for class-wide statutory damages falls within the "inherently transitory" exception to mootness. The Court's ruling easily satisfies the criteria for certification for immediate appellate review because it (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) an "immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004); *Rubin v. Islamic Republic of Iran*, 541 F. Supp. 2d 416, 421 (D. Mass. 2008).

    A. **The Court's Order involves a controlling question of law, suitable for appellate resolution on the existing factual record.**

"[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)) (alteration in original). That is the case here.

This Court's Order involves the interpretation and application of U.S. Supreme Court and First Circuit precedent on the "inherently transitory" exception to mootness in a putative class action. If the First Circuit were to rule that the "inherently transitory" exception does not apply to a claim for class-wide statutory damages where class-wide injunctive relief has been offered, this case would end. Because this presents a threshold jurisdictional question, certification is especially appropriate. *See Klinghoffer*, 921 F.2d 24 (subject matter jurisdiction issues

appropriate for certification); *Beazer E., Inc. v. The Mead Corp.*, No. CIV.A.91-408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006) ("The court believes that the fundamental issue of subject matter jurisdiction is one of the clearest examples of a 'controlling question of law' within the meaning of § 1292(b).").

The proposed question for certification also presents a clean legal issue: the applicability of the "inherently transitory" exception to absent class members' claims for monetary damages where class-wide injunctive relief has been offered. Resolving that question "is 'something the court of appeals [can] decide quickly and cleanly without having to study the record.'" *See United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 91 (D. Mass. 2010) (quoting *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676–77 (7th Cir. 2000)). Thus, because "interlocutory review would not require detailed review of the factual record" and "this Court was able to resolve the . . . question before discovery commenced," the legal issue presented is appropriate for immediate appeal. *See Gregory*, 716 F. Supp. 2d at 91.

The need for interlocutory appeal is even more compelling where, as here, the issue transcends this particular action. *See Klinghoffer*, 921 F.2d at 24; *see also AlMaqaleh v. Gates*, 620 F. Supp. 2d 51, 55 (D.D.C. 2009) (finding "interlocutory appeal is warranted where the jurisdictional determination will impact numerous cases"); *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) (stating that courts consider, in part, whether resolution of issue will impact other cases); *Krangel v. Crown*, 791 F. Supp. 1436, 1449 (S.D. Cal. 1992) (recognizing that "[c]ertification for appeal may also materially advance the conclusion of other cases involving this same legal issue").

There are many putative class actions like Plaintiff's pending across the country arising under the TCPA and other statutes that raise the issue of mootness in the wake of the Supreme

Court's decision in *Gomez*. Thus, the issue presented clearly transcends this action to other cases pending in this circuit, as well as across the country. The First Circuit should have the opportunity to examine this issue at its earliest opportunity in order to promote consistency in this circuit.

    **B.    There Is Substantial Ground for Difference of Opinion on the Controlling Legal Issue Presented for Interlocutory Appeal.**

The second factor for Section 1292(b) certification requires that there be substantial grounds for difference of opinion on the question presented. This factor "can be [satisfied] . . . when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Philip Morris*, 957 F. Supp. at 330 (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n. 1 (1st Cir. 1984)); *see also Booten v. United States*, 233 F. Supp. 2d 227, 228 (D. Mass. 2002) (certifying question for interlocutory appeal where "there is no binding precedent squarely on point"); *Klinghoffer*, 921 F.2d at 25 (finding "substantial ground for difference of opinion" where the "issues are difficult and of first impression"). A "sufficiently novel and important" issue will satisfy this factor. *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n. 1 (1st Cir. 1988).

The mootness question presented is a "hard[] issue" and one not settled by controlling authority. (*See* Dkt. No. 51, p. 12.) It cannot be disputed that the majority in *Gomez* left open a significant question concerning the threshold issue of a court's subject matter jurisdiction, where a plaintiff has been tendered complete relief. The gaping hole left open in the majority opinion was only reinforced by the concurring and dissenting opinions. How the First Circuit, and other circuits throughout the country, will answer the "question [left] for another day" is not yet known. *See Gomez*, 136 S. Ct. at 682 (Roberts, Chief J., dissenting). Indeed, given the complexity of the issues, this Court stated that it was "[u]nable to read the tea leaves of the

multiple opinions of the Supreme Court" in reaching its decision. (Dkt. No. 51, pp. 12, 20.) The Court's comment only exemplifies that there is substantial ground for difference of opinion.

Further, the First Circuit's decision in *Cruz*, 252 F.3d 530, suggests that this Court's application of the "inherently transitory" exception in this case may be incorrect. *Cruz* held that "[i]n cases—like this one—in which no class has been certified, the exception pertains only if there is some demonstrated probability that the same controversy, involving the same parties, will reoccur." *Id.* at 534. Defendant agreed not only not to send unsolicited faxes to the named plaintiff but it agreed to class-wide injunctive relief; specifically, it agreed to be "enjoined from using any telephone facsimile machine, computer or other device to send unsolicited fax advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*" (*See* Proposed Judgment, Dkt. No. 42.) The proposed injunction ensures that the controversy will not reoccur as to Plaintiff or any other putative class member.[2]

Given the state of the law and a recent Supreme Court opinion, there is no doubt that the issue presented is an important question of first impression for which there can be substantially different views. *See Philip Morris*, 957 F. Supp. at 330.

### C. Appellate Resolution Will Materially Advance the Termination of the Litigation.

Finally, as already noted, appellate resolution of this issue in favor of Defendant will "materially advance the ultimate termination of the litigation" because it could be case-dispositive. If the First Circuit determines that the class claims cannot move forward, given the mooting of the named plaintiff's claim and the offer for class-wide injunctive relief, this case will be dismissed for lack of subject matter jurisdiction. This is the paradigmatic situation where

---

[2] To the extent the conduct at issue were to reoccur, the injured party would have an effective and efficient remedy at hand: a motion for an order to show cause.

an immediate appeal will advance the ultimate termination of the litigation. *See* 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 (3d ed.). In such scenarios, certification should be granted because "interlocutory review saves time and expense for both the Court and the litigants." *Gregory*, 716 F. Supp. 2d at 91-92. Because immediate appeal of the threshold jurisdictional issue presented here may materially advance termination of the litigation, certification should be granted.

## II. A STAY PENDING RESOLUTION OF THIS MATTER BY THE FIRST CIRCUIT IS WARRANTED

Given the appropriateness of an interlocutory appeal in this case, this Court should stay all proceedings pending resolution by the First Circuit. The Court has authority to stay proceedings pending interlocutory appeal under Section 1292(b) and its inherent authority to manage its own docket. *See, e.g.*, *AIG Prop. Cas. Co. v. Green*, No. CV 15-30111-MGM, __ F. Supp. 3d __, 2015 WL 8779732, at *3 (D. Mass. Dec. 15, 2015); *Koninklijke Philips N.V. v. ZOLL Med. Corp.*, 77 F. Supp. 3d 255, 257 (D. Mass. 2015).

A stay pending interlocutory proceedings is proper "to avoid unnecessary discovery efforts." *Booten*, 233 F. Supp. 2d at 228; *see also Lincoln-Dodge, Inc. v. Sullivan*, No. 06-69 S, 2009 WL 578541, at *2 (D.R.I. Mar. 4, 2009) (granting stay pending interlocutory appeal where "[n]o party will be prejudiced, and a stay will conserve the Court's resources and avoid needless expense by the parties"). A stay would, as this Court noted, avoid "expensive class and merits discovery" which may be rendered wholly unnecessary. (*See* Dkt. No. 51, p. 20.)

It makes little practical sense to require the parties to engage in class and merits discovery, which may require the review of thousands of hard copy and electronic documents as well as numerous depositions, including the depositions of third parties. In addition, Defendant might be required to respond to motions for class certification and to bring additional, potentially

dispositive motions of its own, all at significant cost to the parties and at the expense of this Court's time. Moreover, no party would be prejudiced by a stay where no discovery has been conducted and there is no concern regarding the duplication of work. Nor is there any concern that an interlocutory appeal and corresponding stay would delay, rather than expedite, any ultimate termination of the litigation, given that discovery has not yet started and no trial date has been set.

## CONCLUSION

The critical legal question presented here easily meets the statutory requirements for certification for an interlocutory appeal. Defendant requests this Court enter an order certifying its April 12, 2016 Order for immediate interlocutory appeal and to stay further proceedings in this Court pending resolution by the First Circuit.

Dated: May 6, 2016

Respectfully submitted,

CAYAN LLC D/B/A CAPITAL BANKCARD

By its attorneys,

**Manatt, Phelps & Phillips, LLP**

/s/Christine M. Reilly
Christine M. Reilly (*Pro hac vice*)
Matthew P. Kanny (*Pro hac vice*)
Diana L. Eisner (*Pro hac vice*)
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Tel. (310) 312-4000
Fax (310) 312-4224
CReilly@manatt.com
mkanny@manatt.com
DEisner@manatt.com

- and -

**Sally & Fitch LLP**

Peter E. Ball (BBO #546031)  
Ryan M. Cunningham (BBO #661440)  
One Beacon Street  
Boston, MA 02108  
Tel. (617) 542-5542  
Fax (617) 542-1542  
peb@sally-fitch.com  
rmc@sally-fitch.com

203536601.4