## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>SOUTH ORANGE CHIROPRACTIC CENTER, )<br>LLC, individually, and on behalf )<br>of all others similarly situated, )<br>    )<br>            Plaintiff, )<br>    )<br>        v.        )<br>    )<br>CAYAN LLC d/b/a CAPITAL BANKCARD, )<br>    )<br>            Defendant. )<br>_____) | Civil Action<br>No. 15-13069-PBS |

### MEMORANDUM AND ORDER

May 31, 2016

Saris, C.J.

### INTRODUCTION

Plaintiff South Orange Chiropractic Center, LLC ("South Orange"), filed a proposed a class action alleging that Defendant Cayan LLC, doing business as Capital Bankcard ("Capital Bankcard"), sent unsolicited faxes in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On December 18, 2015, Capital Bankcard served South Orange with a settlement offer and an offer of judgment pursuant to Federal Rule of Civil Procedure 68. On the basis of these offers, Capital Bankcard moved to dismiss the case as moot. Soon thereafter, the Supreme Court ruled that an unaccepted offer of judgment, without more, does not moot a named plaintiff's

claims. <u>Campbell-Ewald Co. v. Gomez</u>, 136 S. Ct. 663, 670 (2016).
Seeking another avenue to mootness, Capital Bankcard then
requested permission to deposit a check with the Court and have
the Court enter judgment against it.

On April 12, 2016, the Court denied Capital Bankcard's
motion to dismiss. <u>South Orange Chiropractic Ctr., LLC v. Cayan
LLC</u>, No. 15-13069-PBS, 2016 WL 1441791 (D. Mass. Apr. 12, 2016).
The Court assumes familiarity with that opinion, which sets
forth the factual allegations in the complaint. The Court held
that while the named plaintiff received complete relief for its
individual claims, the class action remained justiciable. The
Court then requested that the parties confer on whether to
certify the Court's order for interlocutory review under 28
U.S.C. § 1292(b). On May 6, 2016, Capital Bankcard filed a
motion to certify the Court's April 12, 2016 order for
interlocutory appeal. The defendant's motion to certify (Docket
No. 55) is **<u>DENIED</u>**.

## DISCUSSION

Generally, the United States Courts of Appeal have
jurisdiction only to hear appeals from final decisions of the
district courts. <u>See</u> 28 U.S.C. § 1291. In limited circumstances,
however, district courts may certify interlocutory appeals of
decisions that are not final. <u>See id.</u> § 1292(b). Interlocutory
appeals under § 1292(b) require an order that (1) "involves a

controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) as to which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Id.; see Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). These appeals "require, among other things, leave of both the trial and appellate courts." Camacho v. P.R. Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare.").

As a general rule, the First Circuit does not grant interlocutory appeals from a denial of a motion to dismiss. Caraballo-Seda, 395 F.3d at 9. The reluctance to grant interlocutory appeals reflects the First Circuit's "policy preference against piecemeal litigation." Id. "Certification under § 1292(b) is an extraordinary procedure and the party seeking it bears a heavy burden of convincing the court that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" United Air Lines, Inc. v. Gregory, 716 F. Supp. 2d 79, 89 (D. Mass. 2010) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). The "fact that the case has 'tremendous implications'" is not determinative. Caraballo-Seda,

395 F.3d at 9 (quoting Slade v. Shearson, Hammill & Co., 517
F.2d 398, 400 (2d Cir. 1974)).

The defendant argues—and the plaintiff does not contest—
that the Court's April 12, 2016 order involves a controlling
question of law and that immediate appeal may materially advance
the termination of the litigation.

A controlling question of law usually involves "a question
of the meaning of a statutory or constitutional provision,
regulation, or common law doctrine" rather than an application
of law to the facts. Ahrenholz v. Bd. of Tr. of Univ. of Ill.,
219 F.3d 674, 676 (7th Cir. 2000). "[W]hat the framers of
§ 1292(b) had in mind is more of an abstract legal issue or what
might be called one of pure law, matters the court of appeals
can decide quickly and cleanly without having to study the
record." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258
(11th Cir. 2004) (internal quotation marks omitted).

"The requirement that an appeal may materially advance the
ultimate termination of the litigation is closely tied to the
requirement that the order involve a controlling question of
law." Philip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330
(D. Mass. 1997) (quoting 16 Charles Alan Wright et al., Federal
Practice and Procedure § 3930 (2d ed. 1996)). Questions "found
to be controlling commonly involve the possibility of avoiding
trial proceedings, or at least curtailing and simplifying

4

pretrial or trial." 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 (3d ed. 1998).

The Court agrees that the question of whether a class action remains justiciable after a defendant's attempt to "pick off" the named plaintiff is a controlling question of law. The issue is a purely legal one and resolution of the issue does not require extensive familiarity with the factual record. The Court also finds that immediate appeal would materially advance the termination of the litigation; if the First Circuit concluded that a defendant could moot an entire proposed class action by depositing a check with the Court in the amount of the named plaintiff's individual demands, the case would come to a close.

The more difficult question is whether there is substantial ground for difference of opinion on this controlling question of law. The defendant emphasizes that the Supreme Court in Campbell-Ewald reserved this particular question and that the four dissenting Justices would have resolved it in the defendant's favor. The plaintiff responds that all of the decisions subsequent to Campbell-Ewald are consistent with this Court's April 12, 2016 order.

There may be substantial ground for difference of opinion when an issue involves "one or more difficult and pivotal questions of law not settled by controlling authority." McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984).

For example, an interlocutory appeal might be appropriate when
the circuits are divided and a court follows the minority view.
See Rodriguez v. Banco Cent., 917 F.2d 664, 665 (1st Cir. 1990).
Another basis for interlocutory appeal is where the caselaw in
the district courts nationwide is divided. Natale v. Pfizer,
Inc., 379 F. Supp. 2d 161, 182 (D. Mass. 2005) (finding
substantial difference of opinion where the "case law to date
demonstrates marked litigant confusion and disagreement").

Tellingly, the defendant does not muster a single case
decided after Campbell-Ewald that supports its request for
certification. While the caselaw is still evolving, and the
Supreme Court tea leaves are hard to read, the courts to rule on
this issue since Campbell-Ewald are in harmony: every attempt by
a defendant to "pick off" the named plaintiff with hopes of
mooting the proposed class action has been rebuffed.

To date, two circuits have concluded that, even if a named
plaintiff receives complete relief on her individual claims, the
proposed class action remains justiciable. See Wilson v. Gordon,
No. 14-6191, 2016 WL 2957155, at *11 (6th Cir. May 23, 2016)
(holding, in a suit for injunctive and declaratory relief, that
although the Supreme Court's decision in Genesis Healthcare
Corp. v. Symczyk, 133 S. Ct. 1523 (2013), "may be read as
casting doubt on the continued vitality of [the 'picking off']
exception, it does not overrule" it); Chen v. Allstate Ins. Co.,

No. 13-16816, 2016 WL 1425869, at *10 (9th Cir. Apr. 12, 2016) ("[W]hen a defendant consents to judgment affording complete relief on a named plaintiff's individual claims before certification, but fails to offer complete relief on the plaintiff's class claims, a court should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification.").

Many district courts have reached this conclusion on the basis that the named plaintiff's individual claims are not moot when a defendant deposits a check purporting to provide the named plaintiff with complete relief. See Fauley v. Royal Canin U.S., Inc., No. 15 C 2170, 2016 WL 2766286, at *1 (N.D. Ill. May 13, 2016) (holding that "it is inappropriate to enter judgment on a named plaintiff's individual claims, 'over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification'") (internal citation omitted); Brady v. Basic Research, LLC, No. 13CV7169SJFARL, 2016 WL 1735856, at *2 (E.D.N.Y. May 2, 2016) ("Other courts—within and without the Second Circuit—are in agreement that a defendant is no longer able to moot a putative class action by tendering payment to a named plaintiff and asking the court to enter judgment against it over the plaintiff's objection."); Bais Yaakov of Spring Valley v. Varitronics, LLC, No. CV 14-5008

ADM/FLN, 2016 WL 1735815, at *2 (D. Minn. May 2, 2016) ("In similar motions in other putative TCPA class action cases, efforts to invoke Rule 67 to make real the hypothetical posed in Campbell-Ewald have been spurned."); Machesney v. Lar-Bev of Howell, Inc., No. 10-10085, 2016 WL 1394648, at *7 (E.D. Mich. Apr. 7, 2016) ("This Court does not read Gomez as supporting Defendants' argument that Plaintiff's claim was mooted because Defendants tendered a check to plaintiff in the amount of the judgment."); see also Bais Yaakov of Spring Valley v. ACT, Inc., No. 4:12-CV-40088-TSH, 2016 WL 2733104, at *6 (D. Mass. May 10, 2016) (citing this Court's April 12, 2016 order and stating that "even if Defendant tenders a check for the higher damages award (per violation rather than per fax), this would not necessarily end the class action").

The rationale of these cases may differ, but the result is the same: a defendant cannot moot a proposed class action solely by paying off the named plaintiff. Because courts since Campbell-Ewald have rejected defendants' attempts to do so, the Court concludes that the requisite "substantial ground for difference of opinion" is lacking and interlocutory appeal under § 1292(b) is unwarranted.

The defendant's motion to certify the Court's April 12, 2016 order for interlocutory appeal (Docket No. 55) is **DENIED**

without prejudice. The defendant may file a subsequent motion

for interlocutory appeal should a split in the caselaw develop.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge